

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

In re

RIDA RABAINO TRINIDAD
CABANILLA,

      Debtor and
      Debtor-in-possession.

Case No.  24-00615
(Jointly Administered)
(Chapter 11)

Confirmation Hearing
Date:    December 1, 2025
Time:  2:00 p.m.
Judge:  Hon. Robert J. Faris

Relates to dkt. ## 113,
124, 126 127, 132

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### IN SUPPORT OF ORDER CONFIRMING DEBTOR'S SECOND
### AMENDED CHAPTER 11 PLAN OF REORGANIZATION
### DATED AS OF SEPTEMBER 8, 2025

The hearing to confirm the *Debtor's Second Amended Chapter 11 Plan Of*

*Reorganization Dated As Of September 8, 2025* (the "Plan"),[1] filed herein as dkt. #

113, by Rida Cabanilla, the debtor and debtor-in-possession (the "Debtor"), was

---

[1] Capitalized terms not herein defined shall have the meaning set forth in the Plan.

held on December 1, 2025, at 2:00 p.m. (the "Confirmation Hearing"), before the Honorable Robert J. Faris, United States Bankruptcy Judge for the United States Bankruptcy Court for the District of Hawaii ("Court"). Appearances were noted in the record.

The findings and conclusions set forth herein, together with the record of the Confirmation Hearing, constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. The orders entered herein constitute the Court's judgment pursuant to Bankruptcy Rule 7054, made applicable to this proceeding by Bankruptcy Rule 9014.

Having considered all of the pleadings and evidence filed in support of confirmation, all of the objections to confirmation of the Plan having been resolved, withdrawn or overruled, and based on the record in this case, the arguments and representations of counsel, and good cause appearing, the Court now makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

### Filing of Petition and Judicial Notice

1. RIDA RABAINO TRINIDAD CABANILLA, is the debtor and debtor-

U.S. Bankruptcy Court - Hawaii   #24-00615   Dkt # 146   Filed  01/22/26   Page 2 of 21

in-possession in Chapter 11 case no. 24-00615, which was commenced by the filing of a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on July 9, 2024 ("Chapter 11 Case") in this Court.

2.      The Court takes judicial notice of the docket of the Chapter 11 Case, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at hearings held before this Court during the pendency of the Chapter 11 Case.

3.      The Debtor owns three properties: (1) a 50% interest in a single-family residence located at 2841 Kamanaiki Street, Honolulu, Hawaii (the "Kamanaiki Property"), which is co-owned with her son, Christopher Manabat; (2) 1702 Noe Street, Honolulu, Hawaii (the "Noe Property"), and (3) a duplex located at 94-114 Pupukahi Street, Waipahu, Hawaii (the "Pupukahi Property").

4.      As of the Petition Date, (1) UMB Bank, National Association, not in its individual capacity but solely as owner trustee for Verus Securitization Trust 2023-5 ("UMB") held a first mortgage against the Noe Property; and (2) First Hawaiian Bank ("FHB") and American Savings Bank ("ASB") held and continues to hold first and second mortgages against the Pupukahi Property, respectively.

5.      Prior to the Petition Date, the Superior Court for the County of Orange, State of California issued a judgment in favor of Medica Testing Group, Inc. ("Medica"), and against the Defendants Green Label Group, LLP, George Albert

Martinez Garcia aka Georgio Martinez, the Debtor, Kristen Loung, RMP Environmental, Inc. and Johnathan Pozon, jointly and severally in the amount of $3,992,244.26 (the "California Judgment").

6. On or about March 27, 2024, Medica commenced a special proceeding in the Circuit Court for the First Circuit Court of the State of Hawaii, as Civil No. S.P. No. 1 CSP-24-0000413 to domesticate the California Judgment.

7. On April 11, 2024 (89 days before the Petition Date), Medica recorded the [domesticated] California Judgment in the Bureau of Conveyances for the State of Hawaii as Document No. A-88670429.

8. On or about April 16, 2024, Medica commenced a fraudulent transfer action against the Debtor and others in the Circuit Court for the First Circuit Court of the State of Hawaii, as Civil No. 1CCV-24-0000482.

### Approval of Disclosure Statement, Transmittal of Solicitation Materials, and Good Faith Solicitation

9. On February 14, 2025, the Debtor filed her *Chapter 11 Plan of Reorganization Dated as of February 14, 2025* (the "Original Plan"), and *Disclosure Statement for [Original Plan]*. *See* dkt. ## 53 and 54.

10. On February 28, 2025, the Debtor filed her *Motion for Order Approving Disclosure Statement for Debtor's Chapter 11 Plan of Reorganization Dated February 14, 2025, and Balloting Procedures, and Scheduling Deadlines*. *See* dkt. # 55.

11.     On July 28, 2025, the Debtor filed *Debtor's First Amended Chapter 11 Plan of Reorganization Dated as of July 28, 2025* (the "First Amended Plan"), and a *Disclosure Statement for [First Amended Plan]*.  *See* dkt. ## 99 and 100.

12.     The "First Amended" Plan contained the following amendments:

   a. Debtor to retain the Pupukahi Property and will cure any prepetition arrearages owed to ASB, and continue to pay FHB and ASB in accordance with the respective loan documents;

   b. Increase Payment on Medica's Allowed Secured Claim from zero to $75,000;

   c. Increase the amount available for general unsecured creditors from $50,000 to $300,000; and

   d. The Debtor will borrow $350,000 against her residence (in lieu of selling the Pupukahi Property).

*See generally* dkt. # 102-1 (redlined Plan).

13.     On August 25, 2025, the Debtor filed her *Motion for Order Authorizing Debtor to Obtain Post-Petition Secured Indebtedness* (the "Dasigo DIP Motion") seeking to borrow $350,000.00 from Maria Dasigo to fund in part the Plan (the "Dasigo DIP Loan").  *See* dkt. # 107.

14.     On September 8, 2025, the Debtor filed her *Second Amended Chapter 11 Plan of Reorganization Dated as of February 14, 2025* (the "Plan"), and *Disclosure Statement for [the Plan]*.  *See* dkt. ## 113 and 114.

15.     The "Second Amended Plan" contained the following amendments:

- 5 -

a. Update the amounts owed to the IRS based on its amended proof of claim (priority tax claim decreased from $327,110.77 to $222,695.31, general unsecured claim decreased from $185,578.65 to $146,707.33);

b. Deleted from treatment of Class 2 (First Hawaiian Bank) and Class 3 (American Savings Bank) the following language: "lender shall not be paid as part of its Allowed Secured Claim, any default interest, late charges or similar fees or expenses, as may be allowed by the Court."; and

c. Add as conditions precedent to the Effective Date: (1) receipt of the $100,000 new value contribution and (2) receipt of the $350,000 loan proceeds.

*See generally* dkt # 113.

16.     On September 11, 2025, the Court entered an order approving the Dasigo DIP Loan. *See* dkt # 116.

17.     On September 12, 2025, the Court entered an *Order Approving Disclosure Statement for [the Plan], Balloting Procedures and Scheduling Deadlines* ("Solicitation Order") that, among other things, (a) preliminarily approved the disclosures in the Original Plan, (b) established November 3, 2025, as the date for the Confirmation Hearing, and (c) established procedures governing the Confirmation Hearing. *See* dkt. # 117.

18.     In accordance with the Solicitation Order, the Debtor transmitted the following items to creditors and parties in interest: (a) the Plan, (b) the notice of the Confirmation Hearing, and (c) ballots (as appropriate). *See* dkt. #122

19.     On October 17, 2025, FHB filed a *First Hawaiian Bank's Position Statement Re [The Plan]* (the "FHB Objection"). *See* dkt. # 124.

20.     On October 21, 2025, the Department of Taxation, State of Hawaii ("DoTax") filed its *Department of Taxation, State of Hawaii's Statement of Position Re: Confirmation of Debtor's Chapter 11 Plan* (the "DoTax Objection"). *See* dkt. # 126.

21.     On October 22, 2025, the Internal Revenue Service ("IRS") filed its *Creditor Internal Revenue Service's Position As To Debtors Second Amended Chapter 11 Plan*. *See* dkt. # 127.

22.     On October 27, 2025, the Debtor filed her *Confirmation Brief for Second Amended Chapter 11 Plan* (the "Confirmation Brief") and the *Declaration of Allison A. Ito Regarding Tabulation of Ballots in Support of Confirmation of [Plan]*. *See* dkt. ## 130 and 131.

23.     On November 3, 2025, the IRS filed its *Response to [Confirmation Brief]*. *See* dkt. # 132.

24.     The November 3, 2025, Confirmation Hearing on the Plan was continued to allow the Debtor to obtain alternate DIP financing as the Dasigo DIP Loan was not funded. *See* dkt. #134 (minutes).

25.     On November 6, 2025, the Debtor filed a *Motion for Order Authorizing Debtor To Obtain Postpetition Secured Indebtedness* ("Tango Juliet DIP Loan Motion") seeking authority to borrow $500,000.00 from Tango Juliet, LLC, secured by a first mortgage on the Kamanaiki Property.

26. On December 2, 2025, the Court entered an *Order Granting Debtor's [Tango Juliet DIP Loan Motion]*. *See* dkt # 142 (requiring the net proceeds of the loan to be transferred to the Choi & Ito client trust account).

27. Service of the Original Plan and other solicitation matters was adequate and proper as provided by Bankruptcy Rule 3017(d), and no other or further notice is or shall be required. The amendments to the Original Plan

28. Based on the record before the Court in this Chapter 11 Case, the Debtor and her agents, representatives, and any professional persons employed or formerly employed by any of them, have acted in "good faith" within the meaning of Bankruptcy Code Section 1125(e) in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in Section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code.

29. Adequate and sufficient notice of the modifications to the Plan have been given, and no other further notice, or re-solicitation of votes on the Plan is required. None of the modifications incorporated in the (confirmed) Plan adversely affects the treatment of any Claim or Equity Interest thereunder. The filing with the Court of the Plan constitutes due and sufficient notice thereof.

- 8 -

30. All modifications to the Plan filed or announced prior to the conclusion of the Confirmation Hearing constitute technical changes and/or changes that have either been consented to by affected constituents or which do not require additional disclosure under Bankruptcy Code Sections 1125 or 1127(a), or re-solicitation of votes under Bankruptcy Code Section 1126, nor do they require that holders of Claims or Equity Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan. The modifications do not adversely change the treatment for the accepting Classes. Therefore, additional notice under Bankruptcy Rule 3019(a) is not required.

## Objections Resolved or Overruled

31. The Debtor has the burden of proving the elements of Section 1129 of the Bankruptcy Code by a preponderance of evidence, and have done so as set forth herein.

32. To the extent not resolved or withdrawn, all Plan Objections are overruled in all respects.

## Bankruptcy Code Requirements for Confirmation

33. In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates six (6) Classes of Claims and one (1) Class of Equity Interests. The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such

- 9 -

Class. Valid business, factual, and legal reasons exist for separately classifying the various classes of claims and Interests created under the Plan.

34. The Plan specifies that Classes 1, 2, 3, and 6 are not impaired under the Plan, thereby satisfying Section 1123(a)(2) of the Bankruptcy Code. Said Classes are deemed to have accepted the Plan because they are not impaired under the Plan.

## Treatment of Claims

35. The holder of the Allowed UMB Claim (Class 1) will receive at least as much as it would receive in a case under chapter 7 with respect to those Claims. If the assets of the Debtor were liquidated outright, Class 1 would be paid in full. The Treatment of Class 1 is fair and equitable and does not unfairly discriminate against said Class.

36. The holder of the Allowed First Hawaiian Bank Claim (Class 2), will receive at least as much as it would receive in a case under chapter 7 with respect to those Claims. The Treatment of Class 2 is fair and equitable and does not unfairly discriminate against said Class.

37. The holder of the Allowed American Savings Bank Claim (Class 3) will receive at least as much as it would receive in a case under chapter 7 with respect to those Claims. The Treatment of Class 3 is fair and equitable and does not unfairly discriminate against said Classes.

- 10 -

38.     The holder of the Allowed Medica Secured Claim Bank Claim (Class 4) will receive at least as much as it would receive in a case under chapter 7 with respect to its Claim, because if a chapter 7 trustee was appointed, the chapter 7 trustee would seek to avoid the recorded Judgment as a preferential transfer.  The Treatment of Class 4 is fair and equitable and does not unfairly discriminate against said Classes.

39.     The holders of the Allowed General Unsecured Claims (Class 5) will receive at least as much as they would receive in a case under chapter 7 with respect to those Claims because if the assets of the Debtor were liquidated out right, said Class would between 0.43% and 4.55%.  Under the Plan, Class 5 creditors will be paid a pro rata share of $300,000 (or approximately 7.08%).  The Treatment of Class 5 is fair and equitable and does not unfairly discriminate against said Class.

40.     The holders of the Allowed Priority Unsecured Claims (Tenant Deposits) (Class 6) will receive at least as much as they would receive in a case under chapter 7 with respect to those Claims.  The Treatment of Class 6 is fair and equitable and does not unfairly discriminate against said Class.

## Equity Interests

41.     Allowed Equity Interest in Class 7 will retain her equity interest under the Plan.

U.S. Bankruptcy Court - Hawaii   #24-00615   Dkt # 146   Filed 01/22/26   Page 11 of 21

42.     The Plan provides for the same treatment for each Claim or Equity Interest in each respective Class, unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest, thereby satisfying Section 1123(a)(4) of the Bankruptcy Code.

## Means of Implementation

43.     The Plan provides adequate and proper means for the Plan's implementation through proceeds from (1) the settlement of Melanie Manabat's obligation to the Debtor for a lump sum payment of $60,000.00, (2) a $100,000 new value contribution from the Debtor, (3) a $500,000 loan secured by a mortgage against the Kamanaiki Property, and (4) the Debtor's income from Cardiopulmonary Diagnostic Services, Inc. and her pension.

44.     The Debtor has exercised sound and considered business judgment in the formulation of the Plan.  The Debtor has demonstrated sound business purpose and justification for the Plan.

45.     All fees payable under Section 1930 of title 28, United States Code, as determined by the Bankruptcy Code, have been paid or will be paid pursuant to the Plan, thus satisfying the requirements of Section 1129(a)(12).

46.     Any finding of fact subsequently determined to be a conclusion of law shall be deemed a conclusion of law.

U.S. Bankruptcy Court - Hawaii   #24-00615   Dkt # 146   Filed   01/22/26   Page 12 of 21

47.     This proceeding is a core proceeding pursuant to 28 U.S.C. §
157(b)(2).

48.     This Court has jurisdiction over these Chapter 11 Cases, pursuant to
Sections 157 and 1334 of title 28 of the United States Code.  Venue is proper
pursuant to Sections 1408 and 1409 of title 28 of the United States Code.
Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. §
157(b)(2)(L), and this Court has exclusive jurisdiction to determine whether the
Plan complies with the applicable provisions of the Bankruptcy Code and should
be confirmed and has exclusive jurisdiction over all of the Debtors' assets.

## Compliance With Section 1129(a)(1)

49.     The Plan complies with the applicable provisions of the Bankruptcy
Code, thereby satisfying Section 1129(a) of the Bankruptcy Code.

(a)     The Plan properly places substantially similar claims in each
class and designated such classes of claims, thereby satisfying Sections 1122 and
1123(a)(1) of the Bankruptcy Code;

(b)     The Plan specifies the treatment of each Class that is not
impaired, thereby satisfying Section 1123(a)(2) of the Bankruptcy Code;

(c)     The Plan specifies the treatment of each Class that is impaired,
thereby satisfying Section 1123(a)(3) of the Bankruptcy Code;

- 13 -

(d)     The Plan provides for the same treatment for each claim or interest in a particular Class, unless the holder thereof agrees to a less favorable treatment, thereby satisfying Section 1123(a)(4) of the Bankruptcy Code;

(e)     The Plan includes the adoption and implementation of all actions necessary to implement the Plan and the execution of all documents and the implementation of all actions as required with respect to and in accordance with the Plan provisions, thereby satisfying Section 1123(a)(5) of the Bankruptcy Code;

(f)     Sections 1123(a)(6) and 1123(a)(7) of the Bankruptcy Code does not apply to the Debtor;

(g)     The Plan provides for the payment of the Debtor's future rental income from Pupukahi and Noe Street properties to make monthly mortgage payments to UMB (holder of Class 1 claim), ASB, and FHB, respectively, and for the payment of a portion of the Debtor's personal services income to make Plan payments to creditors (e.g., Medica, DoTax and IRS), thereby satisfying section 1123(a)(8);

(h)     The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code; and

(i)     The Plan is dated and identifies the Debtor submitting it as proponents, thereby satisfying Bankruptcy Rule 3016(a).

- 14 -

## Compliance With Section 1129(a)(2)

50.     The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a)(2) of the Bankruptcy Code.

(a)     The Debtor is a proper debtor under Section 109 of the Bankruptcy Code;

(b)     The Debtor has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court; and

(c)     The Debtor complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order in transmitting the Plan, the Ballots, and related documents and notices and in soliciting and tabulating votes on the Plan.

## Compliance With Section 1129(a)(3)

51.     The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Section 1129(a)(3) of the Bankruptcy Code. The good faith of the Debtor is evident from the facts and records of this case, the Plan, and the record of the Confirmation Hearing and other proceedings held in this case.  The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's Estate.

52.     The injunctive provisions of the Plan and the Confirmation Order

- 15 -

implement the Debtor's discharge. Moreover, the Plan provides a mechanism for parties in this case to seek relief from the injunctions.

### Compliance With Section 1129(a)(4)

53.    Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Debtor's Chapter 11 Case, or in connection with the Plan and incident to the Debtor's Chapter 11 Case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying Section 1129(a)(4) of the Bankruptcy Code.

### Compliance With Section 1129(a)(5)

54.    Section 1129(a)(5) of the Bankruptcy Code is not applicable to the Debtor because the Debtor is an individual.

### Compliance With Section 1129(a)(6)

55.    Section 1129(a)(6) of the Bankruptcy Code is not applicable to the Debtor.

### Compliance With Section 1129(a)(7)

56.    The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis provided in the Plan (a) is persuasive and credible, (b) has not been controverted by other evidence, and (c) establish that each holder of a Claim or Equity Interest in an impaired Class either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a

U.S. Bankruptcy Court - Hawaii   #24-00615   Dkt # 146   Filed  01/22/26   Page 16 of 21

value, as of the Effective Date, that is not less than the amount that holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

## Compliance With Section 1129(a)(8)

57. Classes 4 and 5 have accepted the Plan under section 1126(f) of the Bankruptcy Code. Classes 1, 2, 3, and 6, are conclusively presumed to have accepted the Plan.

58. Section 1129(a)(8) of the Bankruptcy Code has been satisfied.

## Compliance With Section 1129(a)(9)

59. The treatment of Administrative Claims and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9).

## Compliance With Section 1129(a)(10)

60. Classes 4 and 5 are impaired under the Plan, and have voted in favor of accepting the Plan.

61. Section 1129(a)(10) of the Bankruptcy Code is not applicable to the Debtor.

## Compliance With Section 1129(a)(11)

62. The evidence proffered, adduced, or presented prior to and at the Confirmation Hearing (a) is persuasive and credible, and (b) establishes that confirmation of this Plan is not likely to be followed by the liquidation, or the need

for further financial reorganization, of the Debtor, thus satisfying the requirements of Section 1129(a)(11) of the Bankruptcy Code. Among other things, the Debtor has obtained exit financing which is sufficient to provide additional liquidity to make Plan payments.

## Compliance With Section 1129(a)(12)

63.     All fees payable under section 1930 of title 28, United States Code, as determined by the Court, have been paid or will be paid pursuant to the Plan, the terms of which are satisfactory to the Debtor and the United States Trustee, thus satisfying the requirements of Section 1129(a)(12) of the Bankruptcy Code.

## Compliance With Section 1129(a)(13)

64.     Section 1129(a)(13) of the Bankruptcy Code, which requires a plan to provide for the continuation of payment of all "retiree benefits" is inapplicable in the instant case as the Debtor does not have any such obligation.

## Other Matters

65.     The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933.  No governmental agency with standing to raise an objection pursuant to Bankruptcy Code Section 1129(d) has, in fact, raised any such objection.  This is strong evidence that the principal purpose of the Plan is not tax avoidance.

66.     All modifications to the Plan filed or announced prior to the

conclusion of the Confirmation Hearing constitute technical changes and/or

changes that have either been consented to by affected constituents or which do not

require additional disclosure under Bankruptcy Code sections 1125 or 1127(a), or

re-solicitation of votes under Bankruptcy Code section 1126, nor do they require

that holders of Claims or Interests be afforded an opportunity to change previously

cast acceptances or rejections of the Plan.

67.     Based on the record before the Bankruptcy Court in this Chapter 11

Case, the Debtor and her agents, representatives, and any professional persons

employed or formerly employed by any of them, have acted in "good faith" within

the meaning of Bankruptcy Code section 1125(e) in compliance with the

applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection

with all their respective activities relating to the solicitation of acceptances to the

Plan and their participation in the activities described in section 1125 of the

Bankruptcy Code, and are entitled to the protections afforded by section 1125(e) of

the Bankruptcy Code.

68.     The release, injunction, and exculpation provisions (as modified in the

Plan Confirmation Order) contained in the Plan are fair and equitable, are given for

valuable consideration, were properly noticed to holders of Claims and Equity

Interests and other interested parties in accordance with the requirements of due

U.S. Bankruptcy Court - Hawaii   #24-00615   Dkt # 146   Filed   01/22/26   Page 19 of 21

process and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, and are in the best interests of the Debtor and her Estate.

69.     Each term and provision of the Plan is valid and enforceable pursuant to its terms.

70.     The Plan satisfies the requirements for confirmation set forth in Section 1129 of the Bankruptcy Code.

71.     The Court may properly retain jurisdiction over the matters set forth in the Plan and Bankruptcy Code Section 1142 of the Bankruptcy Code.  It is appropriate for the Court to retain jurisdiction to: (a) enforce and implement the terms and provisions of the Plan; (b) enforce any Assumed Executory Contracts; (c) enforce the default remedies afforded to creditors under the Plan; and (d) resolve any disputes arising under or related to the Plan.

72.     In accordance with Section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the distributions and other benefits provided under the Plan, the provisions of the Plan constitute a good-faith compromise of all Claims that all Holders of Claims may have with respect to any Allowed Claim or any distribution to be made on account of such Allowed Claim. The compromise and settlement of such Claims embodied in the Plan are in the best interests of the Debtor, the Estate, and all Holders of Claims, and are fair, equitable, and reasonable.

- 20 -

73.     Any conclusion of law later determined to be a finding of fact shall be deemed a finding of fact.

74.     Based on the foregoing findings and conclusions, it is appropriate for the Court to enter the Confirmation Order.

**END OF FINDINGS OF FACT CONCLUSIONS OF LAW**


Submitted by:

CHOI & ITO
Attorneys at Law
CHUCK C. CHOI
ALLISON A. ITO
700 Bishop Street, Suite 1107
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Facsimile: (808) 566-6900
Email:  cchoi@hibklaw.com;
aito@hibklaw.com
Counsel for Debtor and
Debtor-in-Possession

U.S. Bankruptcy Court - Hawaii   #24-00615   Dkt # 146   Filed  01/22/26   Page 21 of 21